UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re

JOHN J. MURPHY, Sr.,

    Debtor.

CASE NO. 6:04-bk-01612-KSJ
CHAPTER 7

---

RIVERTREE LANDING LLC,

    Plaintiff,

v.

JOHN J. MURPHY, Sr.,

    Defendant.

Adversary Case No. 6:04-ap-00154-KSJ

---

### SECOND AMENDED NOTICE OF TAKING DEPOSITION[1]

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiff, RIVERTREE LANDING, LLC ("RIVERTREE"), will take the deposition of the following person on the date, time and place indicated:

| Deponent | Date and Time | Place |
|---|---|---|
| Corporate Representative of London Manhattan Limited, Inc. most knowledgeable of the matters set forth on Exhibit "A" attached hereto | Friday, September 8, 2006, at 9:00 a.m. | Greenberg Traurig, P.A. 200 Park Avenue New York, New York 10166 |

pursuant to Rule 30 of the Federal Rules of Civil Procedure (and its corresponding bankruptcy rules), on oral examination before LegaLink Manhattan (unless otherwise

---

[1] Amended only as to deposition date.

DEPOSITION EXHIBIT
1
9/8/06

indicated) or any other Notary Public authorized by law to take depositions. This deposition is being taken for purposes of discovery, for use as evidence and for such other uses and purposes as are permitted under the Federal Rules of Civil Procedure and other applicable law, and will continue from day to day until completion.

I HEREBY CERTIFY that a true and correct copy of the foregoing **Second Amended Notice of Taking Deposition** has been furnished via facsimile and first class U.S. mail, postage pre-paid, to **Raymond J. Rotella, Esq.**, *Counsel to Debtor*, Post Office Box 113, 619 East Washington Street, Orlando, Florida 32802; and by first class U.S. mail, postage pre-paid to **John J. Murphy, Sr.**, *Debtor*, 1 Diamond Causeway, Suite 21, Box 2423, Savannah, Georgia 31411, this 16 day of August, 2006.

| | |
|---|---|
| Brian K. Gart, Esq.<br>Florida Bar No. 381152<br>GREENBERG TRAURIG, P.A.<br>401 East Las Olas Blvd.<br>Suite 2000<br>Ft. Lauderdale, FL 33301<br>(954) 765-0500 | GREENBERG TRAURIG, P.A.<br>450 South Orange Avenue, Suite 650<br>Orlando, FL 32801<br>Telephone: (407) 420-1000<br>Facsimile: (407) 841-1295<br>spiveyw@gtlaw.com<br>*Counsel for RIVERTREE LANDING LLC*<br><br>By: _____<br>I. William Spivey, II<br>Florida Bar No. 701076<br>Judith A. Garabo<br>Florida Bar No. 0164690 |

cc:   LegaLink Manhattan (via facsimile)

orl-fs1\SPIVEYW\446245v01\8/16/06

## EXHIBIT "A"

1. Any and all business, employment, consulting, independent contractor or other relationship(s) that existed between you and John J. Murphy, Jr. (SS# XXX-XX-8385) at any time between June 1, 2001 through September 28, 2005.

2. Any and all monies or other things of value paid by you to John J. Murphy, Jr. (SS# XXX-XX-8385) at any time between June 1, 2001 through September 28, 2005.

3. Any and all monies or other things of value paid by John J. Murphy, Jr. (SS# XXX-XX-8385) at any time between June 1, 2001 through September 28, 2005.

4. Any and all business or monetary transactions that occurred between you and John J. Murphy, Jr. (SS# XXX-XX-8385) at any time between June 1, 2001 through September 28, 2005.

5. Any and all e-mails or other communications exchanged between you and John J. Murphy, Jr. (SS# XXX-XX-8385) at any time between June 1, 2001 through September 28, 2005 regarding the topics outlined in paragraphs 1-4 above.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*all attachts*

IN RE: JOHN J. MURPHY, SR.

                Debtor.

CHAPTER 7
Bankruptcy Case No.
6:04-bk-010612-KSJ

RIVERTREE LANDING LLC,

                Plaintiff,

v.

JOHN J. MURPHY, SR.,

                Defendant.

Adversary Proceeding No.
6:04-ap-00154-KSJ

Middle District of Florida

## THIRD PARTY FRANZ SKRYANZ'S
## RESPONSE TO SUBPOENA TO PRODUCE

Third Party Franz Skryanz ("Skryanz") responds to Plaintiff's Subpoena to Produce as follows:

### I. GENERAL OBJECTIONS

1. Skryanz objects to Plaintiff's Subpoena to Produce to the extent that they impose obligations upon Skryanz which are in addition to, or inconsistent with, the requirements of the Federal Rules of Civil Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

2. Skryanz also objects to Plaintiff's Subpoena to Produce to the extent that they seek the production of documents, information or things constituting, recording, or reflecting attorney-client communications, on the grounds of the attorney-client privilege. Skryanz also objects to Plaintiff's Subpoena to Produce to the extent that they seek the

DEPOSITION EXHIBIT
2
9/8/06

production of documents, information or things constituting, recording, or reflecting attorney work product, on the grounds of the work-product doctrine. Unless expressly indicated otherwise, any production of such protected documents, information or things shall be deemed inadvertent and shall not be construed to constitute a waiver, limited or otherwise, of any applicable privilege or protection.

3. Skryanz also objects to Plaintiff's Subpoena to Produce to the extent that they seek the production of documents, information or things that Plaintiff already possess or could readily obtain.

4. Skryanz also objects to Plaintiff's Subpoena to Produce to the extent that they require the production or identification of documents available in the public domain since such documentation is equally available to Plaintiff.

5. Skryanz also objects to Plaintiff's Subpoena to produce to the extent that they are overly vague, broad, burdensome in number and content, seek information that is irrelevant to the issues raised in this lawsuit, and are not reasonably calculated to lead to the discovery of admissible evidence.

6. Skryanz also objects to Plaintiff's Subpoena to Produce to the extent that they request the production of documents from parties to which Skryanz does not have full and complete access, possession or control.

7. By agreeing to produce a document in response to the Subpoena to Produce, Skryanz does not represent that such document exists, but only that he will seek to located and produce responsive documents as indicated as and when indicated in this response.

8. Skryanz's responses to the Subpoena to Produce are provided without prejudice to its right to supplement its responses and production of documents pursuant to the responses.

9. Skryanz's responses to each of the Subpoena to Produce is made without waiving or intending to waive, but preserving and intending to preserve, Skryanz's right to:

   a. Object to the competence, relevance, materiality, and admissibility as evidence for any purpose, in whole or in part, of the information or subject matter thereof, in any aspect of this or any other action, arbitration, or proceeding;

   b. Object on any ground to the use of any such information, or the subject matter thereof, in any aspect of this or any other action, arbitration, or proceeding;

   c. Object at any time to a demand for any further answer to these or any other requests for document production; and

   d. Supplement or amend any answer at any time; provided, however, that Skryanz undertakes no obligation to do so beyond that required by the FRCP, Bankruptcy Rules and the Local Rules.

## II. SKRYANZ'S RESPONSE TO PLAINTIFF'S SUBPOENA TO PRODUCE

### REQUEST FOR PRODUCTION NO. 1

Any and all contracts, agreements, correspondence, e-mails or other documents relating to any business, employment, consulting, independent contractor or other relationship(s) that existed between you and John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005.

### RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in <u>Exhibit A</u>, attached hereto.

### REQUEST FOR PRODUCTION NO. 2

Any and all documents reflecting all monies or other things of value paid by you to John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005.

### RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in <u>Exhibit A</u>, attached hereto.

### REQUEST FOR PRODUCTION NO. 3

Any and all documents reflecting all monies or other things of value paid by John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005.

RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in Exhibit A, attached hereto.

REQUEST FOR PRODUCTION NO. 4

Any and all documents reflecting any business or monetary transactions that occurred between you and John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005.

RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in Exhibit A, attached hereto.

REQUEST FOR PRODUCTION NO. 5

Any and all e-mails concerning any of the foregoing topics or documents exchanged between you and John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005.

RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in Exhibit A, attached hereto.

REQUEST FOR PRODUCTION NO. 6

Any and all documents, including, e-mails, exchanged at any time between you and John J. Murphy, Jr. (DOB – 02/28/59, SS# XXX-XX-8385) at any time between June 1, 2001 and September 28, 2005 (and/or his counsel) concerning this litigation.

RESPONSE:

Subject to and limited by the foregoing General Objections, documentation that may be responsive to this request are set forth in Exhibit A, attached hereto.


Dated: August __, 2006
Rochester, New York

_____
Franz Skryanz


TO:  GREENBERG TRAURIG, P.A.
     Attn: William Spivey, II, Esq.
     450 South Orange Avenue, Suite 650
     Orlando, Florida 32801
     Chicago, Illinois 60603
     Tel: (407) 420-1000